UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRIION POPE,

      Petitioner,

v.                       CASE NO. 4:23-CV-12554
                      HONORABLE F. KAY BEHM
                      UNITED STATES DISTRICT COURT JUDGE

JOHN CHRISTIANSON,

      Respondent,
_____/

**OPINION AND ORDER GRANTING THE MOTION FOR
AN EXTENSION OF TIME TO FILE AN APPEAL (ECF No. 19)**

On September 26, 2024, this Court issued an opinion and order denying Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This Court also denied Petitioner a certificate of appealability, but granted Petitioner leave to appeal *in forma pauperis*. *Pope v. Christianson*, No. 4:23-CV12554, 2024 WL 4312210 (E.D. Mich. Sept. 26, 2024). This Court subsequently denied as moot Petitioner's motion to proceed *in forma pauperis* on appeal because the Court had already granted Petitioner leave to appeal *in forma pauperis*. (ECF No. 17).

1

On March 25, 2025, Petitioner filed a motion to proceed late on appeal *in forma pauperis*, in which Petitioner actually asks this Court for permission to file a late appeal.

Petitioner in his motion notes that he did not have the assistance of counsel with his habeas petition but was proceeding *pro se*. Petitioner claims to be ignorant of the law but because he did graduate high school, he is ineligible for assistance from the Michigan Department of Corrections' Legal Writers Program to have a prisoner paralegal assist him with perfecting his appeal. During the time period for filing a notice of appeal, Petitioner was not able to use the law library. Petitioner was also suffering from the flu virus during the time period to file an appeal. He had also been released from prison segregation to a "step-down unit" where he was unable to use the law library to research the applicable deadlines for filing an appeal from the denial of his habeas petition or even move around the prison which made it impossible for him to confer with other inmates. Petitioner further claims that after he received this Court's opinion and order denying habeas relief but granting him leave to appeal *in forma pauperis*, he did not know he had to file a separate notice of appeal in order to initiate the appeal process.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department*

*of Corrections of Illinois*, 434 U.S. 257, 264 (1978).  The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

Fed. R. App. P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

Petitioner is obviously not entitled to an extension of time to file an appeal based upon Fed. R. App. P. 4 (a)(5)(A), because he moved for an extension of time to file an appeal more than thirty days after the original period to file a notice of appeal had expired.  *See Beard v. Carrollton R.R.,* 893 F.2d 117, 120 (6th Cir. 1989); *See also Hayes v. Allstate Ins. Co., Inc.,* 2 F. App'x 470, 472 (6th Cir. 2001).

Nor can Petitioner avail himself of Fed. R. App. P. 4(a)(6) to obtain an extension of time to file an appeal, because he does not allege that he did not timely receive notice of this Court's decision. He fails to satisfy the first requirement of Rule 4(a)(6).

A federal district court, however, has jurisdiction to entertain a motion for relief from judgment when a notice of appeal is untimely filed.  *Tanner v. Yukins*, 776 F.3d 434, 439 (6th Cir. 2015); *Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993).  A district court may therefore employ Rule 60(b) to permit an appeal

outside the time constraints of Fed. R. App. P. 4(a)(5) or (a)(6). *Lewis*, 987 F.2d at 396.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

*Lewis*, 987 F.2d at 395.

This Court believes that equitable considerations support granting Petitioner an extension of time to file a notice of appeal. Petitioner was not represented by counsel but proceeding *pro se*. Petitioner was ineligible for assistance from the Michigan Department of Corrections' Legal Writers Program to assist him with perfecting his appeal because he had graduated high school, even though he did not know the law. Petitioner was not able to use the law library to research the deadlines for filing an appeal nor could he even confer with other inmates while in the "step-down unit." Petitioner also had the flu during the time period where he needed to file a notice of appeal. Petitioner was unaware after receiving this

4

Court's opinion granting him leave to appeal *in forma pauperis* that he was required to file a separate notice of appeal in order to initiate the appeal process. While Petitioner's ignorance of the law alone would not excuse his failure to file a timely notice of appeal, his inability to access the law library, obtain the assistance of the Legal Writers' Program, or even confer with other inmates, combined with his illness, are equitable factors that support granting Petitioner an extension of time to file an appeal.

This Court is aware that "[T]he residual clause of Rule 60(b)(6) should form the basis for relief from judgment 'only in exceptional or extraordinary circumstances which are not addressed by the first five clauses of the Rule.'" *Lewis*, 987 F.2d at 395-96 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) contemplates "unusual and extreme situations where principles of equity mandate relief." *Tanner*, 776 F.3d at 443 (quoting *Olle*, 910 F.2d at 365).

This Court finds that Petitioner has met the requirements of Rule 60(b) and that the interests of justice dictate that this Court grant Petitioner relief from the judgment entered by this Court on September 26, 2024. For the foregoing reasons, this Court vacates the judgment entered on September 26, 2024 and reinstates the memorandum opinion and judgment entry entered on that date *nunc pro tunc* as of

the date of this order. *See Williams v. Arn*, 654 F. Supp. 241, 248 (N.D. Ohio 1987).

Based upon the foregoing, IT IS ORDERED that the motion for an extension of time to file an appeal (ECF No. 19) is GRANTED. Petitioner shall file a Notice of Appeal within fourteen (14) days of this order.

**SO ORDERED.**


Date: January 21, 2026                    <u>s/F. Kay Behm</u>
                                          F. Kay Behm
                                          United States District Judge